JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Daniel Wolf

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott M. Pollins, Pollins Law, 303 W. Lancaster Ave., Ste. 1C, Wayne, PA 19087, 610-896-9909

### DEFENDANTS
Trek Retail Corporation

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Eric J. Bronstein - Lewis Brisbois in Wayne, PA

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| | | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | [x] 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII and 42 USC Section 1981
Brief description of cause:
Retaliatory termination of employment

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ Unliquidated
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE 3/10/22
SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2133 Watkins Street, Philadelphia, PA 19145__

Address of Defendant: __73 Old Dublin Pike, Doylestown, PA 18901__

Place of Accident, Incident or Transaction: __73 Old Dublin Pike, Doylestown, PA 18901__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __3/10/22__    _[signature]_    __PA76334__
                 Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A.   *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify): _____

B.   *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify): _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    (Please specify): _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Scott M. Pollins__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __3/10/22__    _[signature]_    __PA76334__
                 Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL WOLF** | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| **TREK RETAIL CORPORATION** | : | |
| Defendant | | |

**COMPLAINT**

**I.      INTRODUCTION**

1. Plaintiff, Daniel Wolf (Wolf), is suing his former employer, Trek Retail Corporation (Trek), because Trek terminated Wolf after he complained about his manager's discriminatory behavior. Wolf brings his case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*., as amended by the Civil Rights Act of 1991 (Title VII), 42 U.S.C. § 1981 (Section 1981), the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq*. (PHRA), and the Doylestown Borough Anti-Discrimination Ordinance (Chapter 1, Part 3, §§ 359(2) and 363). Wolf seeks back pay, front pay, loss of benefits, compensatory, punitive and exemplary damages, interest, costs, negative tax consequence damages, injunctive and declaratory relief and attorneys' fees from Trek.

**II.     JURISDICTION AND VENUE**

2. This Court has jurisdiction over Wolf's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 42 U.S.C. § 2000e-5(f).  Furthermore, this Court has jurisdiction over Wolf's state and local law claims pursuant to 28 U.S.C. § 1367(a).

3. Wolf has exhausted all remedies available to him as set forth in Title VII, the PHRA and the Doylestown Borough Anti-Discrimination Ordinance, by filing a timely

charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC). Wolf's charge was dual filed with the Pa. Human Relations Commission (PHRC). The EEOC issued a notice of right to sue to Wolf on _____, 2022. This action is filed within 90 days of Wolf's receipt of the EEOC's notice of right to sue.

4. Venue is proper in the Eastern District of Pa. because Wolf's claims arose in this judicial district.

### III. PARTIES

5. Wolf is a white male residing in Philadelphia.

6. Trek manufactures bicycles and operates retail locations throughout the United States. Trek is headquartered in Waterloo, Wisconsin.

7. Upon information and belief, Trek's annual revenues are in excess of $1,000,000,000 (One Billion Dollars) and Trek has more than 4,000 employees.

8. Trek is an employer within the meaning of Title VII, the PHRA and the Doylestown Borough Anti-Discrimination Ordinance.

### IV. FACTS

9. Wolf worked at Trek's retail store in Doylestown, PA from March 2019 through January 13, 2020.

10. Michael Wyatt (Wyatt) was the store manager of Trek's Doylestown store.

11. Throughout Wolf's tenure at Trek, Wyatt repeatedly made Wolf and his co-workers feel uncomfortable. Wyatt made racially offensive comments, including calling

rap music 'n***er music'[1]. Wolf made many anti-immigrant comments, including how we needed a wall because illegal immigrants were ruining the country.

12. Wolf finally had enough of Wyatt's discriminatorily offensive conduct and in early January 2020 he emailed Wyatt's manager, District Manager David Noonan (Noonan). In Wolf's email to Noonan, he told him that he wanted to speak with him about issues he was having at the shop and he was interested in working at another Trek store in the area.

13. A day or so later, Wolf spoke with Noonan. He told Noonan that Wyatt was making his co-workers uncomfortable with his racist actions and anti-immigrant rants.

14. Noonan brushed off Wolf's complaints and suggested they have a meeting to work on what Noonan claimed were 'communication issues'.

15. Noonan asked if Wolf was okay if he let Wyatt know about the subject of the meeting and Wolf said it did not matter to him if Wyatt knew how Wolf felt about his conduct.

16. Noonan contacted Wolf a day or two later to let him know they would have a meeting on Monday (January 13, 2020).

17. At the January 13 meeting, Wyatt told Wolf that Trek is terminating him for being disrespectful and going out of the chain of command.

18. Noonan was present for this meeting.

19. Wolf texted Noonan after Trek fired him and asked Noonan for an explanation for why he was fired. Noonan did not respond.

---

[1] Wolf has not quoted the actual racially abhorrent slur Wyatt used. Instead, his counsel abbreviated the word.

20. Wolf then contacted Asif Azar (Azar), Trek's Regional Manager and Noonan's boss. Wolf texted Azar a description of what happened and he said he felt he was owed an explanation for why Trek fired him.

21. Azar called Wolf and asked him specifics about what happened. Wolf told Azar that Wyatt had called rap music 'n***er music'. Azar gave Wolf no explanation for why Trek fired him other than saying he would have preferred it be handled differently.

22. Upon information and belief, Trek terminated Wyatt a few days after Wolf spoke with Azar and informed him about Wyatt's discriminatory conduct.

23. Upon information and belief, Trek put Noonan on a performance improvement plan and then eventually terminated him about a month later.

24. Upon information and belief, Trek terminated Wyatt and disciplined and then terminated Noonan in response to Wolf's complaints about Wyatt and how Trek responded to Wolf's complaints by firing him. However, Trek never contacted Wolf to offer him to return to work.

25. Trek fired Wolf in retaliation for his complaints about Wyatt's discriminatory conduct.

26. Wolf has suffered, is now suffering and will continue to suffer emotional distress, embarrassment, humiliation, inconvenience, mental anguish, career damage and other losses as a direct result of Trek's illegal conduct.

27. Trek engaged in intentional discrimination against Jacobsen with malice or reckless indifference to his rights under Title VII.

## V.  CLAIMS

### Count I – Retaliation

28. Paragraphs 1 through 27 are incorporated by reference as if fully set forth herein.

29. The acts, failures to act, practices and policies of Trek set forth above constitute retaliation (retaliatory hostile work environment and retaliatory termination) in violation of Title VII, Section 1981, the PHRA and the Doylestown Borough Anti-Discrimination Ordinance.

30. As a result of Trek's illegal retaliation, Wolf has suffered harms and losses in the form of back pay and benefits, front pay and benefits and emotional distress including anxiety, stress, humiliation, career damage and embarrassment.

WHEREFORE, Wolf demands judgment in his favor and against Trek for compensatory damages, back pay, front pay in lieu of reinstatement, lost benefits, negative tax consequence damages, punitive damages (under Title VII and Section 1981 only), exemplary damages (under the Doylestown Borough Anti-Discrimination Ordinance), attorney's fees plus costs, declaratory relief that the conduct engaged in by Trek violated Wolf's civil rights, equitable/injunctive relief directing Trek to cease any and all unlawful retaliation, and such other relief as the Court shall deem proper.

Respectfully submitted,

By:    /s/ Scott M. Pollins
Scott M. Pollins/ Pa. Atty. Id. No. 76334
**Pollins Law**
303 W. Lancaster Ave., Ste. 1C
Wayne, PA 19087
(610) 896-9909 (phone)/(610) 896-9910 (fax)
scott@pollinslaw.com (email)

Date:    3/10/22          Attorney for Plaintiff, Daniel Wolf